LAW OFFICES OF
JARED M. LEFKOWITZ
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 682-1440
JML@JMLefkowitzLaw.com


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NICKO CALDERON,                                                                    Case No.

        Plaintiff,

  - against -

                                                                            **COMPLAINT**

UNITED STATES POSTAL SERVICE and
NATIONAL ASSOCIATION OF LETTER CARRIERS,

        Defendants.                                                                  JURY TRIAL
                                                                                DEMANDED
---------------------------------------------------------------X

        Plaintiff Nicko Calderon by and through his counsel Jared M. Lefkowitz, as and for his complaint against the above named defendants alleges as follows:

        1. This is an action for a permanent injunction to enforce a decision by the Dispute Resolution Team of the defendant United States Postal Service ordering, *inter alia*, payment to plaintiff exceeding the principal amount of $105,000 and interest running from April 2013.

        2. We also seek damages against the USPS for negligence, and compensatory and consequential damages against the defendant National Association of Letter Carriers ("NALC") for breach of contract in failing to take steps to enforce plaintiff's rights.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an individual residing in the Eastern District of New York and is an employee of the USPS.

4. Defendant NALC is a corporation duly existing under the laws of the State of New York, and is a union of letter carriers of which plaintiff is a member.

5. This Court has jurisdiction over the United States Postal Service ("USPS") pursuant to 28 USC § 1339 and 39 USC § 409, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District in that the plaintiff resides in this District and the acts complained of occurred in this District.

## FACTS APPLICABLE TO ALL COUNTS

7. Plaintiff was hired by the defendant USPS as a Transitional Employee ("TE") on or about February 26, 2011.

8. The TE position is a temporary position which is either renewed or not annually.

9. Plaintiff's TE position was renewed in 2012, and then again in 2013, and at no time was there any problem or complaint about plaintiff's job performance.

10. In or about April 2013, along with other TE employees similarly situated in seniority, plaintiff was scheduled to be "converted" to the position of City Carrier Assistant ("CCA") which is also a temporary position.

11. Instead of being converted to the CCA position like the other similarly situated employees, plaintiff was instead fired due to some kind of administrative error.

12. Plaintiff sought assistance from the union, defendant NALC, but the NALC failed to take any steps to file a grievance or otherwise correct the situation.

13. Finally, approximately one year later in April 2014, due to plaintiff's own efforts, plaintiff was rehired by the USPS directly to the CCA position.

14. Plaintiff was thereafter converted to permanent employee status in or about November 2015.

15. Even though plaintiff has now been made a permanent employee, the gap in plaintiff's employment not only cost him salary and benefits for that year, but also continue to cost him substantial damages in lost salary and benefits stemming from his diminished seniority.

16. In or about March 2015, plaintiff brought a grievance to obtain his lost salary and other benefits, as well as restoration of his seniority.

17. In a "Step B" decision dated April 17, 2015 (Exhibit A), the Dispute Resolution Team of the USPS issued a Decision agreeing with plaintiff's position and directing that the USPS should "make Grievant whole in all aspects for the time period the Grievant should have been converted . . ."

18. Defendant USPS has failed to comply with the Decision in any respect.

19. As of the date of the Decision, April 17, 2015, plaintiff believes that his lost salary and benefits totaled approximately $105,000.

20. However, as noted above, the USPS has failed to restore plaintiff's proper seniority so plaintiff's damages continue to accrue and increase every day.

21. Defendant NALC has failed to take any steps to enforce plaintiffs rights, first when plaintiff was inadvertently fired in March 2013, and then to take steps to obtain the USPS's compliance with the Decision.

### COUNT I - PERMANENT INJUNCTION
### Against Defendant USPS

22. For the foregoing reasons, plaintiff seeks a permanent injunction requiring defendant USPS to comply with the Decision in all respects, including but not limited to payment to plaintiff of his lost salary and benefits exceeding the approximate amount of $105,000, along with interest running from April 2013, and restoring his seniority.

### COUNT II - NEGLIGENCE
### Against Defendant USPS

23. For the foregoing reasons, plaintiff seeks judgment against defendant USPS for negligence in an amount exceeding $105,000, along with interest running from April 2013, and punitive damages in an amount to be determined.

### COUNT III - BREACH OF CONTRACT
### Against Defendant NALC

24. For the foregoing reasons, plaintiff seeks judgment against defendant NALC for breach of contract exceeding the approximate amount of $105,000, along with interest running from April 2013, and consequential damages in an amount to be determined.

**WHEREFORE**, plaintiff demands judgment as follows:

A. On the first count, a permanent injunction enforcing the Decision, including but not limited to payment exceeding the approximate amount of $105,000, along with interest running from April 2013, and restoration of his seniority;

B. On the second count, damages exceeding $105,000, along with interest running from April 2013, and punitive damages in an amount to be determined;

C. On the third count, damages exceeding the approximate amount of $105,000, along with interest running from April 2013, and consequential damages in an amount to be determined; and

D. Attorneys fees, costs, any other damages available under applicable law, and such further relief as the Court deems just and proper.

Dated: New York, NY
December 13 , 2018

LAW OFFICES OF
JARED M. LEFKOWITZ

By_____
Jared M. Lefkowitz (JL 6920)
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 682-1440
JML@JMLefkowitzLaw.com
Attorney for Plaintiff Nicko Calderon